UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

KEVIN E. BONHAM,

        Plaintiff,

v.

BRADLEY LYONS et al.,

        Defendants.
_____/

Case No. 1:25-cv-982

Honorable Hala Y. Jarbou

## OPINION

This is a civil rights action brought under 42 U.S.C. § 1983 by an inmate of the Kent County Correctional Facility. In a separate order, the Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint as duplicative and, therefore, malicious.

## Discussion

### I.  Factual Allegations

Plaintiff is presently incarcerated with Kent County Correctional Facility (KCCF), located in Grand Rapids, Kent County, Michigan. The events about which he complains occurred at that

facility. Plaintiff sues the Kent County Sheriff's Office, Kent County Sheriff's Office Captain Bradley Lyons, Attorney Herman Hoffman, and Vimi Sharma.

Plaintiff alleges that Defendant Lyons "acted with malicious intent" in disclosing the name and contact information of Plaintiff's "lover/significant other[]," Tricia Knott, to non-party inmate Tyrelle Montray Henderson, Jr., with whom Plaintiff is having problems. (Compl., ECF No. 1, PageID.3.) Plaintiff claims that "the disclosure was made on behalf of Defendant Herman Hoffman" and that a letter was issued by Defendant Sharma, making Defendant Sharma "complicit." (*Id.*, PageID.6.) Plaintiff alleges that, because of this disclosure, Inmate Henderson has "stolen" Plaintiff's girlfriend (*id.*), and Plaintiff has lost all contact with her (*id.*, PageID.7).

As relief for the claims set forth in the complaint, Plaintiff seeks declaratory and monetary relief. (*Id.*, PageID.10.)

This is not the first time that Plaintiff has raised these claims. In *Hatchett et al. v. Lyons et al.*, No. 1:25-cv-979 (W.D. Mich.), filed jointly by Plaintiff and another inmate, Tiesean Shantal Hatchett, sued Defendants Kent County Sheriff's Office, Lyons, Hoffman,[1] and Sharma, raising identical claims. Compl., *id.*, ECF No. 1. There too, Plaintiffs alleged that Defendants Lyons and Hoffman improperly disclosed the name of "one of [Plaintiffs'] visitors/love[d] ones to non-party Inmate Henderson, causing Plaintiffs to suffer mental and emotional distress. *Id.*

## II. Duplicative Complaints

Because the instant complaint repeats the factual allegations and claims that Plaintiff is pursuing in *Hatchett*, the Court must determine whether the complaint is frivolous or malicious.

---

[1] In *Hatchett*, Plaintiffs name this Defendant as "Herman Hofman." However, given the identical allegations set forth in both complaints, the Court understands both spellings to refer to the same named Defendant. The Court will use the spelling in the present lawsuit for purposes of this opinion.

2

Plaintiffs generally have "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendants." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977). Accordingly, as part of its inherent power to administer its docket, a district court may dismiss a suit that is duplicative of another federal court suit. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Adams v. California Dep't of Health Serv.*, 487 F.3d 684, 688 (9th Cir. 2007); *Missouri v. Prudential Health Care Plan, Inc.*, 259 F.3d 949, 953–54 (8th Cir. 2001); *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138–39 (2d Cir. 2000); *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997). The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation," *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952), and to protect parties from "the vexation of concurrent litigation over the same subject matter." *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991).

Moreover, prisoners who bring civil actions *in forma pauperis* face additional constraints due to statutory barriers when bringing duplicative claims. *See, e.g.*, *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (per curiam) ("[T]he court's power of dismissal in IFP cases under section 1915(d)[2] is broader than in other civil cases under the Federal Rules of Civil Procedure."). The PLRA commands that district courts "shall review . . . as soon as practicable . . . a complaint in which a prisoner seeks redress from a governmental entity or officer" and dismiss it if it "is frivolous, malicious, or fails to state a claim . . . ." 28 U.S.C. § 1915A.

The Sixth Circuit has not provided clear guidance as to the meaning of "malicious" in § 1915A(b)(1) or its analogues in § 1915(e)(2)(B) and 42 U.S.C. § 1997e(c)(2).[3] However, all of

---

[2] Prior to April 26, 1996, the provisions in § 1915(e)(2) were set forth at 28 U.S.C. § 1915(d).

[3] 28 U.S.C. § 1915A requires a court to screen prisoners complaints seeking redress from a governmental entity or officer. Section 1915(e) requires that a court dismiss an action, in whole or

the circuits that have confronted the question to conclude that a "duplicative complaint is an abuse of the judicial process and is properly dismissed without prejudice as malicious" for prisoners suing governmental entities and those proceeding *in forma pauperis*. *Daker v. Ward*, 999 F.3d 1300, 1308 (11th Cir. 2021); *accord Day v. Toner*, 530 F. App'x 118, 121 (3d Cir. 2013) ("[A] complaint is malicious where it is abusive of the judicial process and merely repeats pending or previously litigated claims . . . ."); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) ("[R]epetitious litigation of virtually identical causes of action may be dismissed under 28 U.S.C. § 1915(d) as malicious." (alteration in original)); *Aziz v. Burrows*, 976 F.2d 1158, 1158–59 (8th Cir. 1992) (confirming rule under former § 1915(d) that a district court may dismiss duplicative complaints as malicious); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (noting that dismissal without prejudice of an action under 28 U.S.C. § 1915 when the complaint "merely repeats pending or previously litigated claims," serves Congress' goal of limiting plaintiffs from filing "frivolous, malicious, or repetitive lawsuits" (citations omitted)); *McWilliams v. Colorado*, 121 F.3d 573, 574 (10th Cir. 1997) ("[R]epetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." (quotation marks omitted, first alteration in original)); *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981) (explaining that a complaint brought by a pauper "that merely repeats pending or previously litigated claims" is abusive and "[a] complaint plainly abusive of the judicial process is properly typed malicious"); *see also Hurst v. Counselman*, 436 F. App'x 58, 60–61 (3d Cir. 2011) (concluding that the plaintiff's duplicative action evinced an attempt to vex, injure or harass a defendant and was

---

in part if it is malicious, where a plaintiff is proceeding *in forma pauperis*. In a related statute, 42 U.S.C. § 1997e(c) requires that a court dismiss an action, in whole or in part if it is malicious, where a prisoner challenges prison conditions under federal law. Frequently, a prisoner who brings a civil rights case is subject to all three.

therefore properly dismissed as malicious); *Davis v. Bacon*, 234 F. App'x 872, 874 (10th Cir. 2007) (affirming dismissal of a complaint as frivolous and malicious because it "substantially mirror[ed] the prior complaint"); *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (concluding "it is 'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit" filed by the same plaintiff); *Van Meter v. Morgan*, 518 F.2d 366, 367 (8th Cir. 1975) (affirming the dismissal of a complaint as frivolous where the plaintiff proceeding with pauper status already had filed similar complaints, one of which was currently pending and "deal[t] with issues directly related, if not identical, to these herein").

Therefore, this Court concurs with the uniform practices of the circuits that have confronted the issue: a complaint challenging prison conditions under federal law brought by a prisoner proceeding *in forma pauperis* that repeats pending or previously litigated claims is properly dismissed without prejudice as malicious under the PLRA.

Accordingly, the Court will dismiss this action as malicious. The dismissal is without prejudice to Plaintiff's pending claims in *Hatchett*.

## Conclusion

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed without prejudice as duplicative and malicious, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

A judgment consistent with this opinion will be entered.

Dated: September 9, 2025              /s/ Hala Y. Jarbou
                                                                      HALA Y. JARBOU
                                                                       CHIEF UNITED STATES DISTRICT JUDGE